# EXHIBIT A

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
HARLINGEN, TEXAS

**RECEIVED**

NOV 0 2 1989

INS-DISTRICT COUNSEL
HARLINGEN, TEXAS

ORTIZ-MORALES, MAGDALY WALESKI
C/O MANUEL ANTONIO BELEZ
24 S.W. 21ST AVE APT #7
MIAMI          FL 33135

IN THE MATTER OF:                    CASE NO. A70-291-383

ORTIZ-MORALES, MAGDALY WALESKI
IN DEPORTATION PROCEEDINGS

ORDER

ON 11/01/89, PURSUANT TO PROPER NOTICE, THE ABOVE ENTITLED
MATTER WAS SET ON THE COURT'S DOCKET FOR THE PURPOSE OF HEARING
ON THE MERITS RELATIVE TO RESPONDENT'S REQUEST FOR RELIEF, THE
IMMIGRATION SERVICE APPEARED BY AND THROUGH ITS TRIAL ATTORNEY.
RESPONDENT WAS NOT PRESENT.

WHEREFORE, UPON DUE CONSIDERATION, IT IS THE FINDING OF THIS
COURT THAT RESPONDENT, IN FAILING TO APPEAR AT THE HEARING
CONCERNING HIS REQUEST, HAS ABANDONED HIS CLAIM FOR RELIEF FROM
DEPORTATION.

WHEREFORE, THE ISSUE OF DEPORTABILITY HAVING BEEN RESOLVED, IT
IS HEREBY ORDERED THAT RESPONDENT BE DEPORTED FROM THE UNITED STATES
TO HONDURAS,
FOR REASONS SET FORTH UNDER THE ORDER TO SHOW CAUSE.

GREGORY L. MEYERSON
IMMIGRATION JUDGE
11/01/89

CC: DISTRICT COUNSEL

# EXHIBIT B

1

2  **IRAJ SHAHROK, ESQ. (CSB #49776)**
   **572 Ralston Avenue**
3  **Belmont, CA 94002**
   **(650) 591-9604**
4  **(650) 591-6076 (Fax)**

5

6  Attorney for **ORTIZ-MORALES, MAGDALY WALESKI**

7

8              **U.S. DEPARTMENT OF JUSTICE**
            **EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
9              **OFFICE OF THE IMMIGRATION JUDGE**
                  **HARLINGEN, TEXAS**
10

11

12  IN THE MATTER OF:                    )
                                         )
13  **ORTIZ-MORALES, MAGDALY WALESKI**   )
14  A# 70-291-383                        )        **IN DEPORTATION**
                                         )        **PROCEEDINGS**
15              Respondent.              )
                                         )
16  _____

17              <u>**MOTION TO REOPEN**</u>

18

19       Respondent, **MAGDALY WALESKI ORTIZ-MORALES**, through undersigned

20  counsel, respectfully moves this Court to reopen her removal proceedings pursuant to 8 C.F.R.

21  § 1003.23.  Respondent was ordered removed *in absentia* by this Immigration Court on

22  **November 1, 1989**. Because Respondent did not receive proper notice of her hearing, she is

23  requesting this Court to rescind the *in absentia* order pursuant to INA § 240(b)(5)(C);  INA §

24  242B(c)(3) (pre-IIRAIRA, April 1997); 8 C.F.R. § 1003.23(b)(4)(ii), (iii)(A)(2);  <u>Matter of G-</u>

25  <u>Y-R-</u>, 23 I. & N. Dec. 181 (BIA 2001);  <u>Matter of M-S-</u>, 23 I. & N. Dec. 349 (BIA 1998);

26

27  <u>Matter of Grijalva</u>, 21 I. & N. Dec. 27, 34 (BIA 1995);  <u>Matter of Haim</u>, 19 I. & N. Dec. 641

28  (BIA 1988).

                                  1

It appears that respondent was not assisted by counsel, or someone she thought was an attorney who filed some papers for her and advised her that this will result in a Notice to Appear or to update her address with the Immigration Department. She came to the United States from Honduras in 1987.

## RESPONDENT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL

The purported attorney did not assist **MAGDALY WALESKI ORTIZ-MORALES** satisfactorily in writing, nor was it prepared on any type of letterhead from a law firm. The purported attorney did not list either his address on the document that respondent signed and agreed to pay for. At this junction there is no evidence available that indicates this individual that helped the respondent was a licensed attorney. He advised her that she was free to go. The Respondent did not speak English and had just come from Honduras and he told her that everything had been taken care of and that she could leave which she did. This all would appear to fall under ineffective assistance of counsel, though it is extremely difficult to report since the purported attorney does not appear to be licensed and after 17 years is no longer around to be found.

As a consequence of this misdirected advise and due to this mistake, respondent **MAGDALY WALESKI ORTIZ-MORALES** never received notice of the removal hearing of November 1, 1989. At that time **MAGDALY WALESKI ORTIZ-MORALES** was not living at the address designated as **24 S. W. 21 st Avenue, Apt. 7, Miami, Florida 33135.**

In fact, on or about January 1989, respondent **MAGDALY WALESKI ORTIZ-MORALES** went to the Immigration Department about her status and she was informed that she could leave which she did. She came to California with her brother and two sisters where

2

she has been living for the last 18 years.  She now has 4 U.S. citizen children aged 6, 9, 17, and 19 and she is working at cleaning houses to take care of them and they are all dependent on her emotionally and for a home life and schooling.  Two of the children have severe medical problems and the younger one DANIEL (now 9 years old) has severe hearing problems and has to have major ear surgery to remove parts of the inner ear.  **Copy of the Doctor's Reports stating need for surgery is attached** for the Court to review, as **EXHIBIT - A.**

## ARGUMENTS

At this juncture, an Immigration Judge may rescind an *in absentia* Order of Removal upon Motion to Re-Open, filed at anytime, when the alien demonstrates that the alien did not receive notice in accordance with 8 U.S.C. §1229. 8 U.S.C. §1229 (A)(b)(5)(C)(ii), 8 U.S.C. §1229(a) which requires that an alien in removal proceedings be given written notice either through personal service or by mail, if personal service is not practicable.

## PURPOSE OF JUDICIAL REVIEW

Judicial Review of an *in absentia* **Order of Removal** is:  confined to (1) the validity of the notice provided to the alien; (2) the reasons for the alien not attending the proceedings;  (3) whether or not the alien is removable.  Nazarova v. INS, 171 F. 3d 478, 482 (7th Cir. 1999). As a result of being told by the Immigration Officer that she and her brother and sisters could leave they did, **MAGDALY WALESKI ORTIZ-MORALES** never received Notice of the Hearing in Removal Proceedings which did not comply with 8 U.S.C. §1229. 8 U.S.C.  and was therefore,  invalid.

Respondent's failure to appear on November 1, 1989 was a direct result of not being provided notice of the hearing.  The only reason that respondent did not attend the removal

3

proceedings when the Honorable Immigration Judge ordered her removed to Honduras, was because she was not notified of the proceedings. The respondent is not at fault for the failure to be notified. The respondent appeared at the Immigration Office and gave her forwarding address in New York and then in California. In New York, she lived in her apartment at 28 Hett Avenue, Apt. 2, Staton Island, New York, NY 10306 at which time she filed for Temporary Protected Status, copy attached **EXHIBIT - B.**

Respondent went to the Immigration Department and was given Employment Authorization, **copy of Receipt of Notice is attached** indicating she applied for E.A.D. in July 29, 1999. Respondent continued her application for TPS Status and Employment Authorization in the year 2000, copy of **Notice** attached as **EXHIBIT - C.**

Respondent has never filed for Asylum. She has no family left in Honduras. Two of her younger brothers were executed in Honduras when they were all living there. That is why she fled in 1987 to the United States with her brother and sisters. During the time that they were allegedly required to be in Court, they were in INS Custody at Brownsville, Texas for a period of 4 months. Then they were released on parole and told to leave which they did and after a year in New York with the grandmother, they came to California and have been living here continuously in California.

Respondent was arrested approximately a month ago in January 2007 on the old November 1, 1989 Deportation Order for which she never received notice. In fact, as facts develop, respondent will prove that she was in Immigration Custody for 4 months in Brownsville, Texas and then released to go into the country here. Therefore, she could not have appeared at the November 1, 1989 hearing.

4

## CONCLUSION

Respondent alien **MAGDALY WALESKI ORTIZ-MORALES** respectfully requests that this Court grant her Motion to Re-Open and rescind the Order of Removal issued on November 1, 1989 in accordance with 8 U.S.C. §1229 (A)(b)(5)(C)(ii), so that respondent may apply for Cancellation of Removal based on the birth of her 4 U.S. citizen children in the United States in California where she has resided for the last 18 years.

Respondent was never properly notified of the removal proceedings that led to an in absentia Order of Removal to Honduras, and now is able with the permission of the Court to file for 42-B Cancellation of Removal based on her 4 U.S. citizen children, two of whom require medical care, one immediate surgery. **Copy of Doctor's Report is attached**. This then makes her eligible to become a permanent resident of the United States.

## REQUEST FOR CHANGE OF VENUE

Additionally, it is respectfully requested that there be a change of venue from Texas to San Francisco, D.H.S. Court, California as the respondent resides in Antioch, California 50 miles north of San Francisco with her 28 year old brother Mario Ortiz at 321 West 9th Street, Antioch, California 94509 along with her 4 U.S. citizen children. Mario Ortiz has given most of this information subject to information in Respondent's testimony in Court. That is where respondent resides and that is where she was picked up by the INS. She is presently in INS custody in Yuba City approximately 150 miles north of San Francisco. Antioch, California is approximately 55 miles north of San Francisco. **The Birth Certificates of the children** are attached as **EXHIBIT - D, E, F, and G** and show that the minor children are very young, MIGUEL (6 years old), he suffers from asthma and eczema and rashes, DANIEL (9 years old) requires immediate ear surgery. Copy of the Doctor's Letter is attached. JENNIFER (17 years

5

old) and is head of the household now and is taking care of the other children while her mother

MAGDALY sits in the Yuba City Jail subject of deportation. JOSE is (19 years old) and

resides in Vacaville (100 miles north of San Francisco), California and is employed there.

Additional Testimony and evidence is being obtained to help this family and the Respondent.

This **Emergency Motion** is filed to prevent immediate removal of this deserving mother of

four U.S.C. children.

The respondent, a single mother, is the sole supporter of the 3 children and needs to be

home to supervise their schooling, lives and provide medical and supportive care and custody

and a home life for them and see that they continue to go to school.

Attached is an **AFFIDAVIT** of the parties in support of the above Motion to Terminate

Removal Proceedings, or grant of Voluntary Departure, and an opportunity to file for

Cancellation of Removal or Asylum from Honduras where she has no family and two of her

brothers have been executed. Late document obtained and attached to facilitate matters.

**EXHIBIT – H,** copy of 11/01/1989 Order (obtained late and attached).

Date: 03/07/2007

Respectfully submitted:

*Iraj Shahrok*

**IRAJ SHAHROK**
Attorney for **MAGDALY WALESKI ORTIZ-MORALES**
and the **4 U.S. citizen children**

EXHIBITS:

(Continued Next Page)

6

**José Pedro Enz, M.D., M.P.H.**
**Pediatrics, Infants and Adolescents**

2500 Milvia St. Suite 204
Berkeley, California 94704

(510) 548-8905

Date: January 26, 2007

Re: Daniel Arjona-Ortiz

Date of Birth: December 8, 1997

To whom it may concern:

Daniel is an eight year old boy whom has been my patient since birth. He has a history of frequent Perforative Chronic Otitis Media. He was referred to Dr. Cartwright a specialist in otolaryngology, Children's Hospital Oakland. Dr. Cartwright made the diagnosis of Cholesteatoma in the left ear with a CT scan. His audiology examination revealed mild to moderate conductive hearing loss in the left ear with abnormal tympanogram. He has been scheduled for Surgery on January 29, 2007 for a left ear mastoidectomy and it will be rescheduled if they do not obtain mother's authorization. Daniel will be given a second appointment for surgery on February, 2007.

For further questions you may call me at the above phone number.

Sincerely,

José P Enz

# EXHIBIT A-1

# EXHIBIT C

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
U.S. IMMIGRATION COURT
HARLINGEN, TEXAS

IN THE MATTER OF

ORTIZ-MORALES, MAGDALY WALESKI,
Respondent.

ON BEHALF OF THE RESPONDENT:
Iraj Shahrok, Atty.
572 Ralston Avenue
Belmont, California 94002

IN DEPORTATION PROCEEDINGS
MOTION TO REOPEN

A70 291 383

ON BEHALF OF THE DHS:
Thomas Bernstein
Ass't Chief Counsel – BICE
P.O. Box 1711
Harlingen, Texas 78551

ORDER

The Respondent's motion to reopen the deportation proceeding is DENIED.

The record reflects that the Respondent was personally served with a copy of the Order To Show Cause (OSC) on July 24, 1989. She was detained at the Port Isabel Service Processing Center. On August 17, 1989, she appeared before the Immigration Court, wherein she was advised of the nature and purpose of the deportation proceeding and the rights she had therein. She requested a continuance to retain counsel. An application for asylum was given to her. The case was reset to August 29, 1989.

The Respondent appeared at the rescheduled hearing. She admitted the factual allegations in the OSC and conceded deportation as charged. She declined to designate a country for deportation. The Immigration Judge reset the case to September 11, 1989, to receive the asylum application.

Again, the Respondent appeared at the rescheduled hearing of September 11, 1989. She filed the asylum application, the biographical information form, and the finger print card. The Immigration Court reset the case to November 1, 1989, for a hearing on the merits on the asylum claim. The Respondent was hand delivered a notice of the hearing.

The Respondent failed to appear for her scheduled asylum hearing on November 1, 1989. The Immigration Court proceeded in the Respondent's absence and found that the application for relief had been abandoned. The Immigration Judge ordered the Respondent deported to Honduras.

The Respondent now moves to have the deportation proceeding reopened, claiming that the only reason she failed to appear for the November 1, 1989, hearing was because she did not receive notice of the hearing. The Respondent further avers that she has never filed an application for asylum. She seeks to have the proceeding reopened for the purpose of applying for cancellation of removal based on her four United States citizen children, two of whom require medical care, one immediate surgery. The Respondent's assertions are not supported by the record of proceeding.

Respondent's motion is time-barred. The Respondent failed to file the motion to reopen by September 30, 1996. See 8 C.F.R. § 1003.23(b)(1). Furthermore, the Respondent is not eligible for cancellation of removal or suspension of deportation. The Respondent stopped accumulating continuous physical presence when she was served with a copy of the OSC. See 240A(d)(1) of the

Act [8 U.S.C. § 1229b(d)(1)]; Matter of Mendoza-Sandino, 22 I&N Dec. 1238 (BIA 2000); McBride v. INS, 238 F.3d 371 (5th Cir. 2001); Gonzalez-Torres, 213 F.3d 899 (5th Cir. 2000)(stop time rule constitutional); and Ram v. INS, 243 F.3d 510 (9th Cir. 2001).

Dated this 9th day of April, 2007.

David Ayala
Immigration Judge

# EXHIBIT D



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

Sharok, Iraj, Esq.
572 Ralston Avenue
Belmont, CA 94002

Office of the District Counsel/HLG
P.O. Box 1711
Harlingen, TX 78551

Name: ORTIZ-MORALES, MAGDALY WALESKI        A70-291-383

**Date of this notice: 6/21/2007**

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*Donna Carr*

Donna Carr
Chief Clerk

Enclosure

Panel Members:
  PAULEY, ROGER

# EXHIBIT 1

jonesl

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:   A70 291 383 - Harlingen, TX

Date:   JUN 2 1 2007

In re:  MAGDALY WALESKI ORTIZ-MORALES

IN DEPORTATION PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Iraj Shahrok, Esquire

ON BEHALF OF DHS:   Lisa M. Putnam, Assistant Chief Counsel

ORDER:

PER CURIAM. The respondent has appealed the Immigration Judge's decision of April 9, 2007, in which he denied the respondent's motion to reopen.[1] The Department of Homeland Security filed a memorandum in support of the Immigration Judge's decision. On June 6, 2007, the respondent filed a motion for summary judgment. The Immigration Judge had previously ordered the respondent deported in absentia under section 242(b) of the Immigration and Nationality Act, 8 U.S.C. § 1252(b), for her failure to appear for a hearing on November 1, 1989. The appeal will be dismissed and the motion for summary judgment will be denied.

On appeal, the respondent contends that she never received notice of the hearing, and that she is eligible for asylum, withholding of deportation, and cancellation of removal. The respondent asserts that the notice was allegedly mailed to her by regular mail to an address where she never lived: 24 South West 21st Avenue, Apt. #7, Miami, Florida. The respondent cites to section 239(a)(1) of the Act and to *Matter of G-Y-R-*, 23 I&N Dec. 181 (BIA 2001). She contends that under the law at that time, the Notice to Appear should have been sent by certified mail and/or personal service.

---

[1] The respondent's counsel indicates that the Immigration Judge's decision was not served on him, although a Form G-28 and a Form EOIR-28 were served on the court with the motion to reopen. The record of proceedings reflects that on April 26, 2007, the Board received a Form EOIR-26, a Form EOIR-27, and a Form EOIR-28. As the Form EOIR-28 was not in the record when the Immigration Judge's decision was mailed on April 12, 2007, and the record does not contain a change of address (Form EOIR-33) for the respondent reflecting a new address, the Immigration Judge's decision was sent to the respondent's last known address as required.

A70 291 383

In her motion for summary judgment, the respondent argues that she was never served with a Notice to Appear, and that she is entitled to file applications for cancellation of removal and asylum. The respondent also requests a change of venue to San Francisco, California, and requests that she be released from custody. If the respondent seeks a change in custody status, she must follow the procedures pursuant to section 236 of the Immigration and Nationality Act and 8 C.F.R. § 1236.1 (2007).

Initially, we note that the deportation proceedings were conducted in absentia under section 242(b) of the Act, 8 U.S.C. § 1252(b). On appeal, the respondent refers to removal proceedings pursuant to section 240(b)(5) of the Act, 8 U.S.C. § 1229a(b)(5), which is not applicable in these proceedings. Pursuant to *Matter of Gonzalez-Lopez*, 20 I&N Dec. 644 (BIA 1993), section 242(b) applies "where an in absentia order is made in exclusion proceedings, or in deportation proceedings following service or attempted service of the notice of a hearing, for which the alien failed to appear, made prior to June 13, 1992, the effective date for the procedures specified in section 242B of the Act." Furthermore, 8 U.S.C. § 1229a(b)(5), applies to removal proceedings conducted in absentia under section 240(b)(5) of the Act, in which service of the hearing notice occurs after April 1, 1997. As service of the hearing notice in the instant matter occurred prior to June 13, 1992, section 242(b) of the Act is applicable in this case. Furthermore, since the respondent is in deportation proceedings, we find that *Matter of G-Y-R-, supra*, is not applicable in this case.[2]

We have determined that the applicable regulations do not contain any time or numerical limitations on aliens who wish to file a motion to reopen to vacate an underlying order of deportation entered pursuant to section 242(b) of the Act. *See Matter of Cruz-Garcia*, 22 I&N Dec. 1155, 1157 (BIA 1999); 8 C.F.R. § 3.23(b)(4)(iii). We reached the same result in the context of exclusion proceedings. *See Matter of N-B-*, 22 I&N Dec. 590 (BIA 1999); *see also Matter of Mancera*, 22 I&N Dec. 79 (BIA 1998) (discussing the timeliness of motions to reopen proceedings conducted in absentia under section 242(b) of the Act). Therefore, the respondent filed her motion to reopen in a timely manner.

The record reflects that the Order to Show Cause (Form I-221) was served personally on the respondent on July 24, 1989.[3] The Order to Show Cause bears the respondent's signature to

---

[2]In any event, the respondent would not prevail under *Matter of G-Y-R-, supra*, as the evidence of record demonstrates that she was served with the Order to Show Cause in 1989. *See* Exh. 1. In deportation proceedings, the charging document is an Order to Show Cause, while in removal proceedings the charging document is a Notice to Appear. *See* former section 242(b) of the Immigration and Nationality Act (1990), 8 U.S.C. § 1252b and section 239 of the Immigration and Nationality Act, 8 U.S.C. § 1229.

[3]The respondent's counsel indicates that although he requested the court file and a copy of the Notice to Appear, he has not received them. The respondent may obtain copies of documents in the record of proceedings by submitting a request pursuant to the Freedom of Information Act (FOIA).

2

A70 291 383

acknowledge her receipt of it. The respondent subsequently attended hearings in the Harlingen Immigration Court on August 17, 1989, August 29, 1989, and September 11, 1989. *See* I.J. Dec. dated April 9, 2007; notices of hearing dated August 14, 1989, August 17, 1989, August 30, 1989, and September 11, 1989. The respondent contends that she has never applied for asylum before. However, this assertion is directly contradicted by the evidence of record. In his decision dated April 9, 2007, the Immigration Judge states that the respondent appeared at a hearing on September 11, 1989, and filed an asylum application, the biographical information form, and the fingerprint card. All of these documents are contained in the record. *See* Exh. 2.

Furthermore, the Immigration Judge indicates that during the proceedings on September 11, 1989, the respondent was served personally with a notice of hearing setting the case to November 1, 1989, for a hearing on the merits on the asylum claim. *See* Exh. 4. The hearing notice dated September 11, 1989, has a handwritten notation: "Hand Served on Respondent on 9/11/89" and is signed by the court clerk. Consequently, the record supports the Immigration Judge's finding that the respondent received personal service of the hearing notice during court proceedings on September 11, 1989. The Harlingen Immigration Court did not send the final notice of hearing to the respondent, as the respondent alleges. Therefore, any assertions by the respondent regarding the requirements for proper service by mail in 1989 are irrelevant to the instant proceedings. We agree with the Immigration Judge that the respondent received proper notice of her hearing scheduled for November 1, 1989. The respondent failed to appear for the hearing on November 1, 1989, and was ordered deported in absentia. The Immigration Court sent the in absentia order to the respondent at her last known address.

Aside from her argument regarding lack of notice, the respondent has not contended that she had any other "reasonable cause" for missing her scheduled hearing. *See Matter of Ruiz,* 20 I&N Dec. 91 (BIA 1989); *Matter of Haim,* 19 I&N Dec. 641 (BIA 1988); *Matter of Nafi,* 19 I&N Dec. 430 (BIA 1987). Consequently, we find that the respondent received notice of her hearing and she has not established reasonable cause for her failure to appear.

On appeal, the respondent seeks reopening to apply for political asylum. In her motion to reopen before the Immigration Judge, the respondent did not indicate that she was seeking reopening to apply for asylum and withholding of deportation. However, the respondent incorrectly stated that she has never filed for asylum. *See* Exh. 2. The respondent has filed a new asylum application and an affidavit on appeal. The Board ordinarily will not consider any previously available evidence first proffered on appeal, as its review is limited to the record of proceedings before the Immigration Judge. *See Matter of Grijalva,* 21 I&N Dec. 27 (BIA 1995).

A motion to reopen must be filed within 90 days of the date of entry of a final administrative order of removal, deportation, or exclusion, or on or before September 30, 1996, whichever is later. 8 C.F.R. § 1003.23(b)(1). The respondent's motion to reopen was untimely because it was not filed by September 30, 1996. *Id.* However, the time and numerical limitations on motions to reopen do not apply if the basis of the motion is to apply for asylum, withholding of removal or the Convention Against Torture, and the motion is based on changed country conditions arising in the country of

3

A70 291 383

nationality or the country to which removal has been ordered, supported by evidence that is material and was not available and could not have been discovered or presented at the previous proceedings. *See* 8 C.F.R. § 1003.23(b)(4)(i). Furthermore, to establish eligibility for a grant of asylum, an alien must demonstrate that she is a "refugee" within the meaning of section 101(a)(42)(A) of the Act, 8 U.S.C. § 1101(a)(42)(A). *See* section 208 of the Act. That section defines "refugee" as any person who is unable or unwilling to return to her home country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. An applicant for asylum has established that her fear is well-founded if she shows that a reasonable person in her circumstances would fear persecution. *Matter of Mogharrabi*, 19 I&N Dec. 439 (BIA 1987). The respondent seeks reopening to apply for asylum and withholding of deportation. However, the respondent's asylum claim is not based on changed country conditions; rather, the respondent discusses events which occurred in 1987, prior to the respondent's arrival in the United States.[4] Moreover, the respondent indicates that she fears for her safety due to gang violence. Consequently, it appears that the respondent fears returning to Honduras due to the troubled conditions in that country. It is well-established that general conditions of strife and civil unrest are not alone enough to establish a basis for asylum and withholding of deportation. *See Matter of S-P-*, 21 I&N Dec. 486 (BIA 1996); *see also Matter of Sanchez and Escobar*, 19 I&N Dec. 276 (BIA 1985), *aff'd sub nom. Sanchez-Trujillo v. INS*, 801 F.2d 1571 (9th Cir. 1986). The respondent also has failed to provide sufficient evidence in support of her assertion that she is eligible for relief under the Convention Against Torture. *See Matter of S-V-, supra*; 8 C.F.R. § 1208.16(c)(2). The respondent's motion to reopen was filed untimely, and she has failed to establish that an exception to the filing deadline is applicable in her case under 8 C.F.R. §1003.23(b)(4)(i).

The respondent also contends that she is eligible for cancellation of removal. The respondent is not eligible for cancellation of removal because she is not in removal proceedings. *See* section 240A of the Act, 8 U.S.C. § 1229B.

In light of our decision dismissing the respondent's appeal, we find that the respondent's request for a change of venue is now moot. The respondent's motion for summary judgment is denied.[5] Accordingly, the respondent's appeal is dismissed.

FOR THE BOARD

---

[4] We note that in the respondent's original asylum application, she bases her asylum claim on a fear of persecution by the Liberal Party. Exh. 2. She discusses her father's membership in the National Party, but she fails to mention the alleged death of her brother in 1987 due to gang violence. *Id.*

[5] We note that motions before the Immigration Court and the Board generally are motions for reopening, reconsideration, change of venue, and continuances. *See* 8 C.F.R. §§ 1003.2, 1003.20, 1003.23, and 1003.29.

4

# EXHIBIT E

IRAJ SHAHROK, ESQ. (CSB #49776)
572 Ralston Avenue
Belmont, CA 94002
(650) 591-9604,  (650) 591-6076 (Fax)

Attorney for (Petitioner)  MAGDALY WALESKI ORTIZ-MORALES

UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT
300 S. Maestri Place,   New Orleans, LA 70130-3408

| | | |
|---|---|---|
| MAGDALY W. ORTIZ-MORALES | ) | No: 07-60545 |
| | ) | |
| Petitioner, | ) | Lower Case No: |
| | ) | A# 70-291-383 |
| v. | ) | |
| | ) | PETITION FOR REVIEW |
| ALBERTO GONZALEZ, | ) | |
| U.S. Attorney General, | ) | SUPPLEMENTAL APPLICATION FOR ORDER WITHHOLDING OF THREATENED REMOVAL |
| | ) | |
| Respondent. | ) | |
| | ) | (PETITIONER IN DETENTION) |
| | ) | |

Petitioner  MAGDALY  WALESKI  ORTIZ-MORALES,  hereby

petitions the Honorable Fifth Circuit Court for a Supplemental Emergency

Order for WITHHOLDING OF REMOVAL. She filed a Petition for Review on

7/17/2007 of denying her appeal to the Board of Immigration Appeals.

Petitioner's Declaration in Support is attached herewith.

Date:    07/18/2007

Respectfully submitted:

*Iraj Shahrok*

IRAJ SHAHROK, ESQ.
Attorney for Petitioner

Iraj Shahrok
Attorney at Law
572 Ralston Avenue
Belmont, CA 94002
(650) 591-9604
Fax (650) 591-6076

SEP-21-2007 03:40PM  From: 4158445514            ID:US ATTORNEY            Page:026  R=96%

## AFFIDAVIT OF MAGDALY W. ORTIZ-MORALES
### A# 70-291-383

I, **MAGDALY W. ORTIZ-MORALES**, declare as follows:

1)      That I am in custody since January 2007 at Yuba City Jail (150 miles north of San Francisco, California).

2)      That last night on 7/17/2007, I was notified by the DHS where I am in custody in Yuba City since January 2007 that I was being removed to Honduras even though my attorney has filed a TPS and an Asylum Application on my behalf this week and an Appeal to the Fifth Circuit Court of Appeals.

2)      It is respectfully requested that an Immediate Order issue to DHS in San Francisco withholding my removal pending decision of the Fifth Circuit Court of Appeals.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed in Yuba City, California.

Date:      07/17/2007

Magdaly Ortiz Morales
MAGDALY W. ORTIZ-MORALES
(Petitioner)
Signed by Iraj Shahrok, Esq.
With TELEPHONIC APPROVAL
From Magdaly W. Ortiz-Morales
Yuba City Jail, California

Iraj Shahrok
Attorney at Law
572 Ralston Avenue
Belmont, CA 94002
(650) 591-9604
Fax (650) 591-6076

IRAJ SHAHROK, ESQ. (CSB #49776)
572 Ralston Avenue
Belmont, CA 94002
(650) 591-9604
(650) 591-6076 (Fax)

Attorney for (Petitioner) MAGDALY WALESKI ORTIZ-MORALES


UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
300 S. Maestri Place
New Orleans, LA 70130-3408


| MAGDALY W. ORTIZ-MORALES | ) | No: _____ |
|---|---|---|
| | ) | |
| Petitioner, | ) | Lower Case No: |
| | ) | A# 70-291-383 |
| v. | ) | |
| | ) | PROOF OF SERVICE |
| ALBERTO GONZALEZ, | ) | |
| U.S. Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |

I, the undersigned, declare that I am an employee of the Law Offices

of Iraj Shahrok and my business address is 572 Ralston Avenue, Belmont, CA

94002 and that I have served the original/s true copy of the attached:

- PETITION FOR REVIEW AND
(SUPPLEMENTAL APPLICATION FOR WITHHOLDING OF
THREATENED REMOVAL)
- COPY (I-821 TPS APPLICATION)
- DECLARATION OF PETITIONER MAGDALY W. ORTIZ-
MORALES

Iraj Shahrok
Attorney at Law
572 Ralston Avenue
Belmont, CA 94002
(650) 591-9604
Fax (650) 591-6076

1   in person by placing said copy in an envelope, which was then sealed, with

2

3   postage fully paid thereon, and was this day addressed as follows:

4

5   Office of the Immigration Litigation          (via USPO/Overnight)
6   Civil Division/Department of Justice
7   P.O. Box 878 Benjamin Franklin Station
    Washington, DC 20044
8

9   U.S. Department of Homeland Security          (via USPO/Overnight)
    Office of the District Counsel/HLG
10  P.O. Box 1711
11  Harlingen, TX 78551

12  Board of Immigration Appeals                  (via FEDEX/Overnight)
13  Office of the Clerk
    5107 Leesburg Pike, Suite 2000
14  Falls Church, VA 22041

15  Nancy Alcantar                                (via FEDEX/Overnight)
16  Director of ICE Detention Department
17  630 Sansome Street, Fifth Floor
    San Francisco, CA 94111
18

19  Executed in Belmont, California on 07/18/2007.

20

21                                        Iraj Shahrok

22                                        IRAJ SHAHROK, ESQ.
                                          Attorney for Petitioner
23                                        Magdaly W. Ortiz-Morales
24                                        A# 70-291-383

25

26

27

28

Iraj Shahrok
Attorney at Law
572 Ralston Avenue
Belmont, CA 94002
(650) 591-9604
Fax (650) 591-5076

SEP-21-2007 03:38PM   From: 4158445514          ID:US ATTORNEY          Page:016   R=96%

Home   PACER   Full Docket      Help

If you view the full docket, you will be charged for 4 Pages    $ 0.32

## US Court of Appeals for the Fifth Circuit
## Case Summary

Court of Appeals Docket #: 07-60545                     Filed: 7/17/07
Nsuit:    0
Ortiz-Morales v. Gonzales
Appeal from: Board of Immigration Appeals

Lower court information:
     District: 0539-1 : A70 291 383
     Date Filed: **/**/**

| | |
|---|---|
| 7/17/07 | Agency case docketed. Petition for review filed by Petitioner Magdaly Waleski Ortiz-Morales. [07-60545] ROA due on 8/27/07. (nfd) |
| 7/19/07 | Motion filed by Petitioner Magdaly Waleski Ortiz-Morales for stay of deportation [5803868-1]. Response/Opposition due on 8/2/07.    Date of COS: 7/18/07  Sufficient [Y/N]: y [07-60545] (agl) |
| 7/20/07 | Notice filed by Respondent Alberto R Gonzales. Petitioner is currently in custody and his removal is imminent. Removal potentially could be scheduled in the future.  If OTL learns removal is scheduled, prompt notification will be provided.  [07-60545] (mbc) |
| 7/23/07 | CORRECTED Response/opposition filed by Respondent Alberto R Gonzales to motion for stay of deportation [5803868-1] by Petitioner Magdaly Waleski Ortiz-Morales. Response/Opposition ddl satisfied. Reply to Resp/Opp due on 7/30/07.    Date of COS: 7/20/07  Sufficient [Y/N]: y [5806368-1] [07-60545] (agl) |
| 7/23/07 | Appearance form filed by Ashley Ball Han for Respondent Alberto R Gonzales, Linda Susan Wendtland for Respondent Alberto R Gonzales. [07-60545] (No. of forms filed: 2) (adb) |
| 7/24/07 | E-mail notice referencing notice of intent to deport [5805706-1] by Respondent Alberto R Gonzales filed by Respondent Alberto R Gonzales [5807390-1] advising deportation proceedings are on hold since a motion for stay was filed with 5CCA. [07-60545] (agl) |
| 8/2/07 | Appearance form filed by Iraj Shahrok for Petitioner Magdaly Waleski Ortiz-Morales. [07-60545] ( No. of forms filed: 1) (adb) |
| 8/3/07 | Reply filed by Petitioner Magdaly Waleski Ortiz-Morales to response/opposition [5806368-1] to motion for stay of deportation [5803868-1]. Sufficient [Y/N]: y [5816754-1] [07-60545] (agl) |
| 8/15/07 | COURT Order filed denying petitioner's motion for stay of deportation [5803868-1] (TMR/JES/RHB) Copies to all |

# EXHIBIT F

1    **IRAJ SHAHROK, ESQ. (CSB #49776)**
2    **Iraj Shahrok Law Offices**
     **572 Ralston Avenue**
3    **Belmont, CA 94002**
     **(650) 591-9604**
4    **(650) 591-6076 (Fax)**

5

   **Attorney for Magdaly W. Ortiz-Morales**
6

7         **UNITED STATES IMMIGRATION COURT**
          **2009 West Jefferson Avenue, Suite 300**
8            **Harlingen, Texas 78550**

9

10   **MAGDALY WALESKI ORTIZ-MORALES,)**     **A# 70-291-383 (Texas)**
                            **)**
11              **Petitioner,**    **)**
                            **)**
12    **v.**                          **)**    **MOTION TO**
13                           **)**    **RECONSIDER B.I.A.**
                          **)**    **DENIAL OF MOTION**
14                           **)**    **TO RE-OPEN OF 6/21/2007**
                          **)**
15                           **)**    **REQUEST FOR FEE**
16                           **)**    **WAIVER / PETITIONER IS**
                          **)**    **IN DETENTION**
17                           **)**    **(7 MONTHS)**
   **ALBERTO GONZALEZ,**         **)**
18      **U.S. ATTORNEY GENERAL.**    **)**
                          **)**    **ALSO:**
19              **Respondent. )**    **MOTION TO RE-OPEN**
                          **)**    **(ATTACHED)**
20 _____ **)**

21

22           **MOTION FOR RECONSIDERATION**
      **BASED ON NEW U.S. GOVERNMENT EVIDENCE**
23            **ON HONDURAS (T.P.S.)**

24   1) On 6/21/2007, the BIA issued its order, copy attached as **EXHIBIT – 1** denying

25     petitioner's Motion to Re-Open In Absentia Order of 11/01/1989 in this Court.

26

27                                  1

28

Iraj Shahrok
Attorney at Law
572 Ralston Avenue
Belmont, CA 94002
(650) 591-9604
Fax (650) 591-8076

Magdaly W. Ortiz-Morales     A# 70-291-383 (Texas)
Motion to Reconsider BIA Denial of Motion to Re-Open of 6/21/2007
Request for Fee Waiver (Petitioner is in Detention, 7 months)

SEP-21-2007 03:39PM   From: 4158445514          ID:US ATTORNEY         Page:017   R=96%

2)  Since then the U.S. Government and the DHS have granted citizens of Honduras TPS Status to be filed by 7/30/2007.   Petitioner Magdaly W. Ortiz-Morales is a citizen of Honduras and she has filed petition for Temporary Protected Status,  copy is attached as **EXHIBIT – 2**.  The TPS Application was filed in San Francisco where the petitioner has been incarcerated for over 6 months under DHS Detention.   She needs to get out to be with her four U.S. citizen children ages 10 to 19 who were living with her at Antioch, California for the last 18 years.  Copy of TPS Application is attached.

3)  Therefore, it is respectfully submitted  that the petitioner be granted TPS and be released from DHS custody to be with her four minor U.S. citizen children so she can continue to take care of them.   TPS is effective until January 2009.   Copy of the TPS Application filed in July 2007 is attached along with a copy of the Board of Immigration Decision of 6/21/2007 denying petitioner's Motion to Re-Open In Absentia Order of 11/01/1989.

## **POINTS AND AUTHORITIES**

Under Matter of Ramos,  Petitioner has 30 days to file a Motion to Reconsider after decision of the BIA of 6/21/2007.  A Motion to Reconsider is a request that the Board re-examine it s decision in light of additional legal arguments such as changes of law,  or perhaps an argument or aspect of the case was over-looked.  See Matter of Ramos, 23 I & N Dec. 336, 338 (BIA 2002).  This evidence of availability of TPS to the petitioner was not available until June 2007.  This is a new decision by the DHS and therefore is subject to a Motion for Reconsideration.  A Motion to Reconsider will be granted when the BIA plainly

2

Iraj Shahrok
Attorney at Law
572 Ralston Avenue
Belmont, CA 94002
(650) 591-9604
Fax (650) 591-6076

Magdaly W. Ortiz-Morales      A# 70-291-383 (Texas)
Motion to Reconsider BIA Denial of Motion to Re-Open of 6/21/2007
Request for Fee Waiver (Petitioner is in Detention,  7 months)

misreads a State Department Report ignoring substantial evidence that supported the respondent's claim. Dawoud v. Gonzales, 424 Fed. 3rd 608, 611-12 (7th Cir. 2005).

In this case the petitioner must be granted TPS and allowed to submit her asylum claim based on new country changes of country conditions. It is respectfully submitted that the Court must reconsider Asylum claim based on new country conditions as setforth by D.H.S. itself.

The U.S. Government (DHS) clearly states that conditions now in Honduras have deteriorated and changed so that the U.S. will now grant citizens of Honduras Temporary Protected Status. The U.S. Government has this month announced that it is granting TPS Status for 1 1/2 years (until January 2009) to citizens of Honduras, copy of her **Honduran Passport** are attached as **EXHIBITS – 3**. The petitioner herein is a citizen of Honduras. The new facts brought out by the U.S. Government also therefore support the petitioner's Asylum Application (I-589) even though not properly understood previously by the D.H.S. Now, under this new facts the new application, must be reviewed and granted in view of the present Affidavit along with the (new) Asylum Application (I-589).

## CONCLUSION

Petitioner's Affidavit which is attached to her application for Asylum shows that she was beaten and abused by the gangs in Honduras when she tried to obtain release of her brother and that the brother was executed by the gang as was her uncle and she was beaten and raped by the gangs. Therefore, in light of the present TPS grant of TPS by the U.S.

3

Iraj Shahrok
Attorney at Law
572 Ralston Avenue
Belmont, CA 94002
(650) 591-9604
Fax (650) 591-8076

Magdaly W. Ortiz-Morales  A# 70-291-383 (Texas)
Motion to Reconsider BIA Denial of Motion to Re-Open of 6/21/2007
Request for Fee Waiver (Petitioner is in Detention, 7 months)

Government, the petitioner's application for Asylum must be considered as must her application for <u>CAT and Withholding of Deportation.</u>

## PETITIONER HAD A NOTARIO ADVISING HER

It must be considered that the petitioner at the time she came from Honduras in 1987 was 16 years old and by the time she got to Court, she was 18 years old and she had no attorney to advise her. She was subject to the **INEFFECTIVE WORKINGS AND MACHINATIONS OF AN INCOMPETENT NOTARIO**. At no time did the petitioner have an attorney to help her with her Asylum Application and the notario put down some facts that did not correctly portray her life in Honduras as her suffering and death of her family members.

## NEW AND CHANGED CONDITIONS DENIED ASYLUM APPROVAL

Now in July 2007, the U.S. Government through D.H.S. is granting T.P.S. to Hondurans based on changed country conditions. The petitioner's (**new**) **application for Asylum** must be considered in view of the present TPS grant by the U.S. Government and the changed country conditions.

## POINTS AND AUTHORITIES

A Motion to Reconsider will be granted when the BIA plainly ignores the State Department's Report ignoring substantial evidence that supported petitioner's claim to Asylum. <u>Dawoud v. Gonzales,</u> 424 Fed. 3rd 608, 611-12 (7th Cir. 2005). Obviously, the

4

Iraj Shahrok
Attorney at Law
572 Ralston Avenue
Belmont, CA 94002
(650) 591-9604

Magdaly W. Ortiz-Morales    A# 70-291-383 (Texas)
Motion to Reconsider BIA Denial of Motion to Re-Open of 6/21/2007
Request for Fee Waiver (Petitioner is in Detention, 7 months)

government has misread the prior Asylum claim of petitioner. She now has a **new Asylum claim** based on changed country conditions. The U.S. Government has granted Hondurans TPS Status and therefore **her new Asylum claim** must be considered in view of the new country conditions put forth by the U.S. Government. <u>Jaggernauth v. U.S. Attorney General</u>, 432 F. 3d. 1346, 1350-52 (11th Cir. 2005). The Court has jurisdiction to review the original matter when petitioner appealed the original order within 30 days of 6/21/2007, as is done here.

## <u>ADDITIONAL RELIEF REQUESTED</u>

Now further application is made in view of T.P.S. for Hondurans for Voluntary Departure and for CAT considerations and for Withholding of Removal and in view of the present Asylum claim and the (NEW) U.S. Government Report on country conditions in Honduras. Request is further made for attorney's fees under E.A.J. in helping these four U.S. citizen children and their poor incarcerated mother who wishes to apply for Cancellation of Removal for which <u>she is now eligible as she had no effective attorney representation in Court</u>.

## <u>CONCLUSION</u>

Therefore, it is respectfully submitted that the petitioner is entitled to grant of TPS (Temporary Protected Status) and reconsideration of her **new Asylum claim** in view of new country conditions in Honduras setforth by the U.S. Government.

5

Iraj Shahrok
Attorney at Law
572 Ralston Avenue
Belmont, CA 94002
(650) 591-9604
Fax (650) 591-6075

Magdaly W. Ortiz-Morales      A# 70-291-383 (Texas)
Motion to Reconsider BIA Denial of Motion to Re-Open of 6/21/2007
Request for Fee Waiver (Petitioner is in Detention, 7 months)

## WAIVER OF FEES (PETITIONER IN 7 MONTHS DETENTION)

It is respectfully submitted that the FEES in the above-entitled case be waived since petitioner is incarceration by D.H.S. in Yuba City Jail in Northern California away from her family and here attorney and that she be granted permission to be released based on the TPS so she can be with her four U.S. citizen children and that she can go back to work cleaning houses to support them.

It is respectfully requested that the fee in the above-entitled case be waived as the petitioner is incarcerated since January 2007 and that she has no funds. Please also consider that this attorney is now working to help this family as petitioner Magdaly W. Ortiz-Morales has indicated from jail to me that she has no funds and that she wishes to be released. She is not a flight risk as she has been living at that one address for the last 18 years and she wishes to go to work and take care of her minor teenage children and she is no danger to the community.

Date:    07/172007

Respectfully submitted:

*Iraj Shahrok*

**IRAJ SHAHROK**

IS:las

**EXHIBIT – 1**   BIA (6/21/2007) Denial of Petitioner's Motion to Re-Open In Absentia
              Order of 11/01/1989
**EXHIBIT – 2**   Petitioner's (I-821) Temporary Protected Status, Application
**EXHIBIT – 3**   Copy of Petitioner's Honduran Passport

6

Iraj Shahrok
Attorney at Law
572 Ralston Avenue
Belmont, CA 94002
(650) 591-8604
Fax (650) 591-8076

Magdaly W. Ortiz-Morales     A# 70-291-383 (Texas)
Motion to Reconsider BIA Denial of Motion to Re-Open of 6/21/2007
Request for Fee Waiver (Petitioner is in Detention, 7 months)

# EXHIBIT G



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

Iraj Shahrok, Esq.
572 Ralston Avenue
Belmont, CA 94002-0000

Office of the District Counsel/HLG
P.O. Box 1711
Harlingen, TX 78551

Name: ORTIZ-MORALES, MAGDALY WALESKI          A70-291-383

Date of this notice: 9/7/2007

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*Donna Carr*

Donna Carr
Chief Clerk

Enclosure

Panel Members:
        PAULEY, ROGER

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File: A70 291 383 - Harlingen, TX                    Date:    **SEP - 7 2007**

In re: MAGDALY WALESKI ORTIZ-MORALES

IN DEPORTATION PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:    Iraj Shahrok, Esquire

CHARGE:

Order:   Sec.   241(a)(2), I&N Act [8 U.S.C. § 1251(a)(2)] -
                 Entered without inspection

APPLICATION: Reconsideration

This case was last before us on June 21, 2007, when we dismissed the respondent's appeal. The respondent was appealing an Immigration Judge's decision dated April 9, 2007, denying her motion to reopen and rescind an in absentia order of deportation entered on November 1, 1989. The Immigration Judge found the respondent's motion, filed on March 8, 2007, untimely, *see* 8 C.F.R. § 1003.23(b)(1)(2007), and also found the respondent ineligible for cancellation of removal because she could not establish the requisite number of years here lawfully. *See* section 240A(d) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(d).

Although we disagreed with the Immigration Judge's determination that the respondent's motion to reopen was untimely, we found that the respondent had notice of her hearing and failed to establish reasonable cause for her failure to appear. We also denied the respondent's request to reopen in order to apply for asylum and cancellation of removal. The respondent is not eligible for the latter form of relief in deportation proceedings; her request to reopen for asylum was untimely filed, 8 C.F.R. § 1003.23(b)(1), and she failed to establish changed country conditions such that an exception to the time requirement was warranted.

The respondent has now filed a motion to reconsider our June 21, 2007, order which is untimely. 8 C.F.R. § 1003.2(b)(2) (stating that a motion to reconsider must be filed within 30 days after the Board's decision). The respondent's motion to reconsider was due on or before July 23, 2007, but was filed on July 25, 2007. Accordingly, we are without jurisdiction to adjudicate the respondent's motion.

We also find no grounds upon which to grant the respondent's motion sua sponte. She asks that we grant her Temporary Protected Status (TPS) pursuant to the Department of Homeland Security's (DHS) recent decision to extend such relief for Honduran nationals under section 244 of the Immigration and Nationality Act, 8 U.S.C. § 1254a. 72 Fed. Reg. 29529-02 (May 29, 2007). Such

A70 291 383

applications are generally filed with the Department of Homeland Security.[1] While we often administratively close proceedings in order to allow an alien the opportunity to apply for TPS, the respondent, as an alien who did not originally file for benefits by 2000, when the initial registration period ended, has failed to establish eligibility for late initial registration. In addition to physical residency requirements and establishing admissibility, an alien must show that he or she:

> (1) Was a nonimmigrant or had been granted voluntary departure status or any relief from removal;
> (2) Had an application for change of status, adjustment of status, asylum, voluntary departure, or any relief from removal or change of status pending or subject to further review or appeal;
> (3) Was a parolee or had a pending request for reparole; or
> (4) Is the spouse or child of an alien currently eligible to be a TPS registrant.

*Id.; see also* 8 C.F.R. § 244.2.

We cannot find evidence that the respondent falls within one of the four criteria noted. She did not have an asylum application pending because she abandoned that application when she failed to appear for her hearing before the Immigration Judge in 1989. She also admitted to the charge of removability – entry without inspection – and, therefore, cannot establish that she is a nonimmigrant or was granted parole. We find no evidence that she has a relative who establishes eligibility for TPS status.

We also decline to find that the fact that TPS was granted to Hondurans and extended provides evidence that country conditions have changed entitling the respondent to a second chance to apply for asylum, as well as withholding of removal and protection under the Convention Against Torture (Respondent's Br. at 3-4). The Secretary of DHS decided to grant and extend TPS to Honduran nationals because of a substantial disruption of living conditions in the aftermath of Hurricane Mitch; the Secretary's decision does not state or even imply that the government of Honduras is persecuting its citizens. *Id.* We cannot find any basis for granting the respondent's request for reconsideration or for a remand.

ORDER: The respondent's motion to reconsider is denied.

_____
FOR THE BOARD

---

[1] *See* 8 C.F.R. § 1244.7; *but see Matter of Barrientos*, 24 I&N Dec. 100 (BIA 2007) (holding that an alien is permitted to assert his right to TPS in removal proceedings, even if his application has previously been denied by the Administrative Appeals Unit). Likewise, we have no authority to grant the respondent's request for attorneys' fees. *See Matter of Anselmo*, 20 I&N Dec. 25 (BIA 1989); *Matter of Fede*, 20 I&N Dec. 35 (BIA 1989).

2