SCOTT N. SCHOOLS, SCSBN 9990
United States Attorney
JOANN M. SWANSON, CSBN 88143
Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-6915
   FAX: (415) 436-6927

Attorneys for Respondents

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MAGDALY ORTIZ-MORALES,<br><br>    Petitioner,<br><br>    v.<br><br>MICHAEL CHERTOFF; DAVID STILL, NANCY ALCANTAR; EDDIE ROBINSON,<br><br>    Respondents. | No. C 07-4759-WHA<br><br>**RESPONDENTS' OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Date: October 11, 2007<br>Time: 8:00 a.m. |

## I. INTRODUCTION

The petitioner, Magdaly Ortiz-Morales, is a native and citizen of Honduras who has filed a document styled "Petition for Writ of Habeas Corpus and Appeal on Motion to Re-Open Pre-1992 In-Absentia Order." The respondents hereby submit their opposition.

## II. FACTUAL AND PROCEDURAL HISTORY

The petitioner is a native and citizen of Honduras who was ordered deported by an Immigration Judge *in absentia* on November 1, 1989. Declaration of Yakov Grinberg ¶ 2. The petitioner did leave the country as directed and, accordingly, the United States Immigration and Customs Enforcement (ICE) arrested the petitioner on January 17, 2007. *Id.* at ¶ 3. The petitioner is currently being detained at ICE's behest at the Santa Clara Jail. *Id.* at ¶ 4.

1   While in detention, the petitioner filed a motion to reopen her deportation proceedings with the
2   Immigration Judge, alleging that she did not receive notice of her deportation hearing. *Id.* at 5.
3   The Immigration Judge denied the motion to reopen on April 9, 2007. *Id*. at 6. The Board of
4   Immigration Appeals (BIA) affirmed the Immigration Judge's denial of the motion to reopen on
5   June 21, 2007. *Id*. at 7. The petitioner filed a petition for review with the United States Court of
6   Appeals for the Fifth Circuit, and the Fifth Circuit has denied the petitioner's motion for a stay of
7   deportation on August 15, 2007. *Id*. at 8; Habeas Petition at Exhibit 6.

   The petitioner also filed a motion to reconsider with the BIA, asking the BIA to reconsider its
   June 21, 2007 decision. *Id.* at 9. On September 7, 2007, the BIA denied the petitioner's motion to
   reconsider. *Id*. at 10.

   The ICE was set to remove the petitioner to Honduras on July 13, 2007, but was prevented
   from doing so in light of the stay of deportation that was then in effect due to the petitioner's
   challenge to her *in absentia* deportation order. *Id.* at ¶ 11. There is no longer a stay of deportation
   in effect and the ICE has asked the Honduran Embassy to re-new the petitioner's travel document
   (which facilitates an alien's removal from the United States) and intends to remove the petitioner
   to Honduras imminently. *Id*. at ¶ 12; Attachment to this Opposition.[1]

### III.  DISCUSSION

**A.   This Court Lacks Jurisdiction To Review The Petitioner's Challenge To Her Deportation**

The REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231, which became effective on May 11, 2005, eliminated district court habeas jurisdiction over orders of removal and vested the United States Courts of Appeals with exclusive jurisdiction to review an alien's removal order. *See Puri v. Gonzales*, 464 F.3d 1038, 1041 (9th Cir. 2006); *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 928-29 (9th Cir. 2005). As amended by section 106(a) of the REAL ID Act, 8 U.S.C. § 1252(a)(5) now provides:

---

[1] The respondents have, however, agreed not to remove the petitioner prior to October 19, 2007, in order to give this Court an opportunity to review and resolve the petitioner's habeas petition.

RESPONDENTS' OPPOSITION TO HABEAS PETITION
C 07-4759-WHA                      2

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e).

8 U.S.C. § 1252(a)(5); *Martinez-Rosas*, 424 F.3d at 929 ("Under the new judicial review regime imposed by the Act, a petition for review is now the exclusive means for challenging final removal orders by the BIA, except those issued pursuant to 8 U.S.C. § 1225(b)(1)[2].").

Moreover, the REAL ID Act is retroactive, meaning that it applies to any "final administrative order of removal, deportation, exclusion" that was issued "before, on, or after the date of enactment of this division." Section 106(b) of the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231, 311; *Martinez-Rosas*, 424 F.3d at 929 ("Section 106(b) further provides that the amendments made by subsection (a) apply retroactively.").

Here, the bulk of the petitioner's habeas petition is devoted to a challenge of her deportation order, the Immigration Judge's denial of her motion to reopen her deportation order, and the BIA's orders affirming the denial of her motion to reopen her deportation order and denying her motion to reconsider. Under the REAL ID Act, the only venue available to the petitioner to challenge her deportation order is the appropriate United States Court of Appeals, via a petition for review. The petitioner is currently pursuing this avenue of relief in the United States Court of Appeals for the Ninth Circuit. *See* Declaration of Yakov Grinberg at Exhibit E (the Fifth Circuit's docket sheet in Ortiz-Morales v. Gonzales, 5th Circuit Appeal No. 07-60545). The Fifth Circuit has denied the petitioner's motion for a stay of deportation. Habeas Petition at Exhibit 6.

Because the REAL ID Act eliminated district court habeas jurisdiction over orders of deportation, exclusion, and removal, the respondents respectfully ask this Court to dismiss the portion of the habeas petition that challenges the petitioner's removal from the United States.

---

[2] 8 U.S.C. § 1225(b) is a provision that governs expedited removal of aliens, which has no application to this case.

RESPONDENTS' OPPOSITION TO HABEAS PETITION
C 07-4759-WHA                                             3

**B. The Length of the Petitioner's Detention Is Not Unconstitutional**

In addition to challenging her deportation order, the petitioner also challenges the duration of her detention by ICE.[3] Although it is not explicit, the petitioner appears to argue that her detention violates her rights under the Due Process Clause of the United States Constitution because there is no significant likelihood of her removal in the reasonably foreseeable future, in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001) This contention lack merit.

1. <u>Legislative Framework</u>

Where, as here, a final order of removal has been entered against an alien, the government has an obligation to facilitate the alien's removal within a 90-day removal period. *See* 8 U.S.C. § 1231(a)(1). During this period, the government must detain that alien until he or she is actually removed. *See* 8 U.S.C. § 1231(a)(2). Under 8 U.S.C. § 1231(a)(1)(B), the "removal period" begins on the latest of the following events:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

2. <u>*Zadvydas v. Davis*, 533 U.S. 678 (2001)</u>

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), two resident aliens challenged the constitutionality of their detentions under 8 U.S.C. § 1231(a)(6) because, although no country was willing to accept them, the government continued to hold them years after the expiration of the 90-day removal period. *See Zadvydas*, 533 U.S. at 684-86. The Court stated that, "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem" under the Fifth Amendment of the United States Constitution. *Id.* at 690. Applying the constitutional avoidance doctrine in order

---

[3] Courts have held that the REAL ID Act does not eliminate a district court's jurisdiction to review a habeas petition challenging the length of an alien's detention. *See, e.g., Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006); *Nadarajah v. Gonzales*, 443 F.3d 1069, 1075 (9th Cir. 2006) ("By its terms, the jurisdiction-stripping provisions [of the REAL ID Act] does not apply to federal habeas corpus petitions that do not involve final orders of removal.").

1  to avoid this potential problem, the Court held that 8 U.S.C. § 1231(a)(6), "read in light of the
2  Constitution's demands, limits an alien's post-removal-period detention to a period reasonably
3  necessary to bring about that alien's removal" and "does not permit indefinite detention." *Id.* at
4  689.  The Court stated that, "once removal is no longer reasonably foreseeable, continued
5  detention is no longer authorized" by 8 U.S.C. § 1231(a)(6). *Id.* at 699.

6  The Court concluded that it is presumptively reasonable for the government to detain an alien
7  for 180 days while it attempts to execute the alien's removal order.  Following that 180-day
8  period, an alien may seek release from custody by demonstrating that his or her removal is not
9  significantly likely in the reasonably foreseeable future. *Id.* at 701.  If the alien meets this burden,
10 the government must respond with evidence sufficient to rebut the alien's showing. *Id.*  If it is not
11 significantly likely that the alien will be removed within the reasonably foreseeable future, the
12 alien may bring a habeas petition after the six-month period and the court may order him or her
13 released, subject to conditions set by the Attorney General. *Id.*

14

15  3.  <u>The Petitioner's Removal is Significantly Likely in the Reasonably Foreseeable Future</u>
16  Here, although the petitioner has been detained for more than 180 days, there is a significant
17  likelihood of the petitioner's removal in the reasonably foreseeable future.  Accordingly, the
18  petitioner's detention is not in violation of her Due Process rights.
19  As an initial matter, although the petitioner was taken into custody by ICE on January 17,
20  2007, and has been detained since that time, *see* Grinberg Declaration ¶ 3, the government was
21  prevented from executing her deportation order when the petitioner filed a motion to reopen her
22  deportation proceedings on or about March 7, 2007, *see* Grinberg Declaration a Exhibit B.  The
23  government was prevented from executing her deportation order when the petitioner filed a motion
24  to reopen her deportation proceeding because, under 8 C.F.R. § 1003.23(b)(1)(v), an alien who
25  files motion to reopen a proceeding in which an *in absentia* removal order was entered (as here)
26  automatically receives a stay of removal.  This stay of removal continued in effect until the United
27  States Court of Appeals for the Fifth Circuit denied the petitioner's motion for a stay of
28  deportation on August 15, 2007.  *See* Habeas Petition at Exhibit 6.

1    A number of courts have held that a stay of removal interrupts the 90-day removal period under
2 8 U.S.C. § 1231(a)(1)(B). *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.4 (11th Cir. 2002)
3 (citing 8 U.S.C. § 1231(a)(1)(B) and stating that the alien interrupted the temporal running of the
4 removal period by moving for and obtaining a stay of deportation); *Lawrence v. Gonzales*, 446
5 F.3d 221, 227 (1st Cir. 2006) (holding that an alien's continued post-order detention past the 90-
6 day removal period was permissible where it "occurred pursuant to his own procuring of stays
7 incident to his legal challenges to the removal order); *Evangelisa v. Ashcroft*, 204 F. Supp. 2d 405,
8 409 (E.D.N.Y. 2002) (stating that alien's reliance on *Zadvydas* was "disingenuous" when the sole
9 reason he is being held is his requested stay of deportation); *see also* 8 U.S.C. § 1231(a)(1)(C)
10 (stating an alien may remain detained if he or she acts to prevent his of her removal).

11    Thus, it is the petitioner, not the government, who has acted to prevent her removal from the
12 United States by filing a motion to reopen with the Immigration Judge, by filing an appeal of the
13 Immigration Judge's denial with the BIA, by filing a motion to reconsider with the BIA from the
14 BIA's affirmance of the Immigration Judge's denial of her motion to reopen, and by filing a
15 petition for review with the United States Court of Appeals for the Fifth Circuit. It is certainly
16 within the petitioner's rights to pursue these remedies, but she cannot simultaneously complain
17 that her detention violates her rights under the Due Process Clause because it is "indefinite."

18    Moreover, this is not a case like *Zadvydas*, in which the aliens were being detained because
19 no country was willing to accept them. Here, the petitioner's removal is imminent. The United
20 States Court of Appeals for the Fifth Circuit has denied the petitioner's motion for a stay of
21 deportation, and the ICE has recently (on September 20, 2007) asked the Honduran Consulate to
22 issue a travel document, which will allow the petitioner's repatriation to Honduras. *See*
23 Attachment to this Opposition. In ICE's letter to the Honduran Consulate, the Assistant Field
24 Office Director notes that the Honduran Consulate had previously issued a travel document, but
25 that ICE was unable to use the document before its expiration due to the petitioner's continued
26 activity in her removal proceedings. *See id.* When the Honduran Consulate issues a renewed
27 travel document, the ICE will promptly remove the petitioner to Honduras. *See id.*

28

1
2  Date: September 28, 2007              Respectfully submitted,
3                                        SCOTT N. SCHOOLS
                                         United States Attorney
4
5
                                                /s/
6                                        EDWARD A. OLSEN
                                         Assistant United States Attorney
7                                        Attorneys for Respondents
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RESPONDENTS' OPPOSITION TO HABEAS PETITION
C 07-4759-WHA                            7