IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGDALY ORTIZ-MORALES,<br><br>    Petitioner,<br><br>  v.<br><br>MICHAEL CHERTOFF; DAVID STILL;<br>NANCY ALCANTAR; EDDIE ROBINSON;<br><br>    Defendants.<br>_____/ | No. C 07-04759 WHA<br><br>**ORDER DENYING PETITION<br>FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

In this immigration action, petitioner Magdaly Ortiz-Morales has filed a petition for writ of habeas corpus. First, her petition seeks review of her impending deportation order. This Court does not have jurisdiction to review a removal order. Such appeals should be filed with a United States Courts of Appeals. Second, her petition appears to challenge the length of her detention, arguing that it violates her rights under the Due Process clause. There is a significant likelihood that petitioner will be removed in the reasonably foreseeable future, so her detention does not violate the Due Process clause. Accordingly, the petition for a writ of habeas corpus is **DENIED.** Judgment will be entered for defendants.

## STATEMENT

Petitioner Magdaly Ortiz-Morales is a citizen and native of Honduras. She was ordered deported *in absentia* by an immigration judge in Harlingen, Texas, on November 1, 1989

(Grinberg Decl. ¶ 2, Exh. A). She did not appear for deportation and was arrested by the United States Bureau of Immigration and Customs Enforcement on January 17, 2007 (*id.* at ¶ 3). Ortiz-Morales is currently being detained at the Santa Clara County Jail (*id.* at ¶ 4).

While she was in detention, petitioner filed a motion to reopen her deportation proceedings with the immigration judge (*id.* at ¶ 5, Exh. B). In it, she argued that she did not receive proper notice of her deportation hearing. An immigration judge denied her motion to reopen on April 9, 2007 (*id.* at ¶ 6, Exh. C). That order found that in 1989, petitioner failed to appear at her scheduled asylum hearing. The Board of Immigration Appeals affirmed the decision on June 21, 2007. Also, the BIA denied petitioner's request to reopen to file for asylum under 8 U.S.C. 1158 and the request for cancellation of the removal order under 8 U.S.C. 1229(b) (*id.* at ¶ 7, Exh. D). ICE set her removal date for July 13, 2007 (*id.* at ¶ 11).

Petitioner appealed that decision to the Court of Appeals for the Fifth Circuit. It denied her motion for a stay of deportation on August 15, 2007 (*id.* at ¶ 8, Exh. E). She also filed a motion for reconsideration with the BIA, but that, too, was denied on September 7, 2007 (*id.* at ¶¶ 9–10). At this time, the stay of deportation is no longer in place, and ICE intends to renew her travel documents in order to deport her to Honduras (*id.* at ¶ 12). Plaintiff's counsel reported receiving an order dated September 28, 2007, from the Fifth Circuit setting a briefing schedule on plaintiff's petition (Reply Exh. 1).

This petition was filed on September 17, 2007. With it was a request for a stay of the removal order until this action could be resolved. Defendants filed a status report regarding the state of the removal action. Thereafter, the parties stipulated that petitioner's removal would be stayed until October 19, 2007, and set a briefing schedule with regard to this motion. An order to show cause why the petition for review of the removal order should not be dismissed for lack of jurisdiction issued on October 9, 2007. A hearing was held on this petition on October 11, 2007.

2

**ANALYSIS**

**1. REVIEW OF DEPORTATION DECISION.**

Under the REAL ID Act of 2005, the United States Courts of Appeals have exclusive jurisdiction to review orders of removal for aliens. It states:

> Notwithstanding any other provision of law (statutory or nonstatutory) . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e).

8 U.S.C. 1252(a)(5); *see also Puri v. Gonzales*, 464 F.3d 1038, 1041 (9th Cir. 2006). This provision is applied retroactively to any final administrative order of removal, deportation, or exclusion. *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 929 (9th Cir. 2005).

A significant portion of Ortiz-Morales' petition is devoted to challenging her deportation order. In particular, she challenges the immigration judge's denial of her motion to reopen and the BIA's affirming the denial and denying her motion for reconsideration. This Court does not have jurisdiction over this petition. Petitioner agreed at the hearing on this petition. She also noted that the Fifth Circuit has set a briefing schedule to hear her petition filed with that Court and acknowledged that these issues should be considered there. Accordingly, to the extent that it challenges the deportation order, Ortiz-Morales' petition must be **DISMISSED**.

**2. CHALLENGE TO THE LENGTH OF PETITIONER'S DETENTION.**

Ortiz-Morales also challenges the length of her detention. Specifically, she seems to argue that her continued detention violates the due process clause because there is no significant likelihood that she will be removed in the near future. She was first detained on January 17, 2007, and remains in custody. As an initial matter, district courts still have jurisdiction over habeas corpus petitions where they do not concern final orders of removal. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1075–76 (9th Cir. 2006).

After entry of a final order of removal, the government is obliged to facilitate the alien's removal within 90 days. 8 U.S.C. 1231(a)(1). The government must detain the alien until he or she is actually removed. If an alien files a motion to reopen a deportation proceeding in which

3

an *in absentia* removal order was entered, the alien automatically receives a stay of removal. 8 C.F.R. 1003.23(b)(1)(v). Here, this stay of removal was in effect until August 15, 2007, the date on which petitioner's motion for a stay of removal was denied by the Fifth Circuit. Moreover, ICE has contacted the Honduran Consulate in an effort to get the proper travel documents to repatriate petitioner.

In her reply brief, plaintiff argues at length that there is no reason to keep her in custody because she is not dangerous, nor is she a flight risk. In support, she points out that she has lived in the same area for many years, and that the government is not required to keep her in custody. She also contends that her continued incarceration violates her due process rights because the continued appeals to the Fifth Circuit could take several months to resolve. Because of recent orders from the Fifth Circuit, she also attempts to argue that it did not have the transcripts from her prior hearing when it denied her petition. That may or may not be so, but it does not change the fact that the government may incarcerate her during the pendency of her appeals. At the hearing petitioner stated that she was willing to submit this petition to the Fifth Circuit.

Also in the reply brief, she argues that she is entitled to temporary protected status. Ortiz-Morales reports that she has filed the application, but that she has not yet received a response from the Department of Homeland Security. This is not the same as saying that she is entitled to temporary protected status. If DHS acts on this application, then that may change whether petitioner should be held in custody, but petitioner has presented no authority that indicates that merely filing an application for temporary protected status means that she should be released. Accordingly, petitioner's removal is imminent, and there has been no undue delay on the part of the government. Petitioner's petition for habeas corpus is **DENIED**.

4

**CONCLUSION**

For all of the above-stated reasons, this petition for a writ of habeas corpus is **DENIED**. Judgment shall be entered for defendants.

**IT IS SO ORDERED.**

Dated: October 11, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

5